UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE T.,

                                          Plaintiff,

                                                          DECISION AND ORDER

                                                          20-CV-1273L

                        v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                                          Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On May 2, 2017, plaintiff, then forty-two years old, filed an application for supplemental security income, alleging disability as of October 24, 2015, when he sustained serious injuries after falling through a hole in a roof, while working as a frame roofer. (Administrative Transcript, Dkt. #14 at 15, 223). His application was initially denied. Plaintiff requested a hearing, which was held September 30, 2019 via videoconference before Administrative Law Judge ("ALJ") Gregory Moldafsky. The ALJ issued an unfavorable decision on October 10, 2019. (Dkt. #14 at 15-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 15, 2020. (Dkt. #14 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for the calculation and payment of benefits or alternatively for further proceedings (Dkt. #15), and the Commissioner has cross moved

(Dkt. #18) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period, including treatment records reflecting degenerative disc disease of the cervical spine, status post spinal cord fusion at C6-C7 anterior discectomy and interbody fusion with cage, disc herniation at C3-C4, degenerative disc disease of the lumbar spine status post L4-L5 laminectomy and discectomy, carpal tunnel syndrome in the right hand, right ulnar neuropathy, and depressive disorder. The ALJ concluded that these conditions together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #14 at 17).

Applying the special technique for mental impairments, the ALJ found that plaintiff has mild limitations in understanding, remembering, and applying information; mild limitations in interacting with others; mild limitations in concentration, persistence and pace; and moderate limitations in adapting and managing himself. (Dkt. #14 at 18-19).

Upon review of the record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, but is limited to four hours of standing and walking.  Plaintiff

may no more than occasionally climb ladders, ropes and scaffolds, stoop, balance, kneel, and crouch, and may never crawl. He may occasionally reach overhead with bilateral upper extremities, and can no more than frequently handle and finger with the right upper extremity. He can never work at unprotected heights. Finally, he is limited to simple (defined in the Dictionary of Occupational Titles as SVP rating 1 and 2), routine, and repetitive tasks, in a work environment that is not fast-paced and does not have strict production quotas, defined as work that is goal-based or measured by an end result. (Dkt. #14 at 19-20).

At the hearing, vocational expert Joey Kilpatrick testified that a hypothetical individual with this RFC could perform the representative light exertion positions of furniture rental consultant, shipping and receiving weigher, and boat rental clerk. (Dkt. #14 at 24). The ALJ accordingly found plaintiff not disabled.

### I.     Medical Opinions of Dr. Tetro and Dr. Bauer

In assessing plaintiff's impairments, the ALJ's decision specifically discussed and weighed several medical opinions of record by treating, consulting and reviewing physicians concerning plaintiff's mental and physical RFC, which were given varying amounts of weight.

Plaintiff argues that the ALJ committed reversible error by overlooking several additional opinions by plaintiff's treating orthopedic surgeon, Dr. A. Marc Tetro, as well as an opinion by examining orthopedic surgeon Dr. Robert Bauer.

The Court agrees. The SSA's regulations require an ALJ to "evaluate every medical opinion [he or she] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd,* 141 F.3d 1152 (2d Cir. 1998); 20 C.F.R. §§ 404.1527(c), 416.927(c). "Although the failure to explicitly assign weight to an opinion may be harmless in some scenarios, such as where the ALJ's decision reflects that the opinion was considered or where the limitations

assessed in the opinion were ultimately accounted for in the RFC . . . those circumstances are not present here." *Garrett W. v. Commissioner*, 2021 U.S. Dist. LEXIS 41003 at *11-*12 (W.D.N.Y. 2021).

Dr. Tetro rendered five opinions between May 2016 and December 2016 in connection with his treatment of plaintiff for injuries to plaintiff's right shoulder and spine. He consistently opined that plaintiff could not lift more than 5 pounds with his right arm, or perform any overhead lifting with his right arm. (Dkt. #14 at 305, 348, 360, 403-03, 418-21). Dr. Bauer examined plaintiff on three occasions in connection with a Workers' Compensation claim related to his October 24, 2015 fall, for diagnoses that included right shoulder rotator cuff tear with repair, and neuropathy of the right upper extremity. Dr. Bauer opined on December 13, 2016 that, in addition to other limitations, plaintiff "should refrain from repetitive pushing, pulling, [and] overhead lifting" with the right arm and shoulder, and "should be allowed to change his positions frequently." (Dkt. #14 at 324).

The ALJ failed to assess, or even mention, any of these opinions in his decision, and it seems probable that he overlooked them entirely. The error is not harmless, because Dr. Tetro's and Dr. Bauer's opinions specify reaching, pushing, pulling, lifting and positional limitations which grossly exceed the limitations found by the ALJ in his RFC determination at Step Four. Because proper consideration of those opinions had the potential to alter the outcome of the ultimate disability determination, remand is necessary in order to allow them to be addressed.

Although the Commissioner argues that the opinions overlooked by the ALJ were "uninformative" concerning plaintiff's exertional limitations because they predated plaintiff's February 2017 lumbar surgery, "[t]he Court declines to engage with this argument in depth because it relies on the Commissioner's post hoc rationalizations." *Kevin B. v. Commissioner*, 2021 U.S.

Dist. LEXIS 24853 at *7 (W.D.N.Y. 2021). In any event, Dr. Tetro's and Dr. Bauer's opinions specify limitations directly related to plaintiff's right arm and shoulder, which cannot necessarily be presumed to have been improved by surgery on plaintiff's lower spine. The ALJ's failure to even mention the reports of these crucial physicians requires remand.

## II.     Medical Opinion by Dr. Fishkin

While plaintiff did not object to the ALJ's weighing of those medical opinions of record that the ALJ did discuss, the Court observes that the ALJ's explanation for rejecting a medical source opinion by treating spinal surgeon Dr. Zair Fishkin was not sufficiently supported.

In December 2016 (and on several prior occasions), Dr. Fishkin opined that plaintiff should avoid excessive bending, stooping, reaching, twisting, crawling and climbing, could not lift more than 15 pounds, and should avoid sitting, standing or walking for more than 2 hours at a time. (Dkt. #14 at 324). The ALJ rejected Dr. Fishkin's opinion as "unpersuasive," citing plaintiff's alleged ability to do yard work, use public transportation, ride in a car, and go out alone. (Dkt. #14 at 22-23).

"While evidence of [a claimant's] daily activities may be considered when assessing the medical opinions," the ALJ's consideration of those activities "must not be conclusory, and must take into account the rigor of those activities in order for them to be used to demonstrate a lack of disability." *DeCabrera v. Berryhill*, 2017 U.S. Dist. LEXIS 115980 at *37-*38 (S.D.N.Y. 2017).

Here, the ALJ did not endeavor to explain, nor does logic suggest, how the functional requirements of performing unspecified yard work, riding in a vehicle, or "going out alone," were inconsistent with the specific bending, reaching, twisting, lifting, sitting, standing and walking limitations described by Dr. Fishkin. (Dkt. #14 at 453).

Plaintiff's modest activities do not warrant the ALJ's total rejection of Dr. Fishkin's medical opinion on appropriate limitations. The ALJ's rejection of Dr. Fishkin's opinion was, therefore, insufficiently supported and erroneous. *See Longley v. Saul*, 2020 U.S. Dist. LEXIS 86082 at *15-*16 (W.D.N.Y. 2020)(ALJ erred by rejecting medical opinions as inconsistent with activities of daily living, where the specified activities did not require exertional or postural abilities beyond the limited RFC described in the opinions); *Lawrence v. Commissioner*, 2020 U.S. Dist. LEXIS 102535 at *34-*35 (S.D.N.Y. 2020)(ALJ committed reversible error by rejecting medical opinion as inconsistent with claimant's daily activities, where "the activities described by [the claimant] do not undermine [the physician's] assessment of [claimant's] work-related functions"); *Taylor v. Astrue*, 2009 U.S. Dist. LEXIS 66671 at *14 (W.D.N.Y. 2009)(ALJ erred by rejecting physician opinions as inconsistent with self-reported activities of daily living, where "nothing in the plaintiff's testimony conflicts with the treating physicians' finding[s]").

Remand is necessary for the ALJ to reassess the record in its entirety, including the opinion of Dr. Fishkin and the overlooked opinions by Dr. Tetro and Dr. Bauer.[1] Having found that remand is warranted and having directed that the ALJ reassess plaintiff's claim at every step of the analysis based on a complete review of the record, the Court declines to address plaintiff's alternative argument that the ALJ committed additional errors at Step Three.

This is not a case where the record contains such persuasive proof of disability that remand for calculation and payment of benefits is warranted. For the reasons discussed above, I find that remand for further proceedings is the appropriate remedy.

---

[1] Plaintiff does not challenge the ALJ's determination with respect to his mental impairments.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #15) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #18) is denied.

The ALJ's decision is reversed and remanded, and the ALJ is instructed to render a new decision which considers all of the evidence of record, and redetermines plaintiff's claim at each step of the five-step sequential evaluation. Such analysis should include assessment and weighing of the opinions of Dr. Tetro and Dr. Bauer, as well as reevaluation of the opinion of Dr. Fishkin, with a detailed discussion of all of the factors relevant to the consideration of medical opinion evidence.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 9, 2021.